# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KYLIEFF BROWN, :
:
    Plaintiff, :
:
v. : No. 4:17-CV-1400
:
THOMAS MCGINLEY, *ET AL.*, : (Judge Brann)
:
    Defendants. :

## ORDER

### JUNE 14, 2018

**I.    BACKGROUND**

This *pro se* civil rights action was filed by Kylieff Brown, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). Named as Defendants are multiple members of the SCI-Coal Twp. staff. Service of the Complaint was previously ordered.

Plaintiff's claims stem from his contention that prison staff intentionally interfered with his outgoing mail, failed to protect his safety, and subjected him to other retaliatory actions.

Presently pending is a motion by Plaintiff requesting leave to add eight (8) Defendants. *See* Doc. 13. The two (2) page motion is neither accompanied by a supporting brief nor a proposed amended complaint.

The Original Defendants filed a motion to dismiss the Original Complaint for failure to state a claim. *See* Doc. 18. There has been no response filed to the motion to amend by the Original Defendants.

## II. DISCUSSION

Based upon the relief sought by Brown's sparsely worded motion, it will be construed as a motion to file an amended complaint. Federal Rule of Civil Procedure 15(a) provides:

> **(a) Amendments Before Trial.**
>
> (1) **Amending as a matter of course**. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it; or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Rule 15(a)(2) additionally provides that "[t]he court should freely give leave when justice so requires." Since service of the Original Complaint was not yet ordered, the Plaintiff may file an amended complaint as a matter of right under Rule 15.

Furthermore, it is well settled that *pro se* litigants (such as Brown) are to be afforded liberal treatment, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Since Brown can file an amended complaint as a matter of right, his unopposed motion to amend will be granted. He will be directed to file a single all inclusive amended complaint within twenty-one (21) days of the date of this Order which adheres to the standards set forth herein. In light of that determination, the pending motion to dismiss will be dismissed as moot.

Plaintiff is advised that in order to state a viable civil rights claim each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Supreme Court of the United States in *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id*. Brown must also exhaust available administrative remedies with respect to each claim he wishes to pursue before seeking relief in federal court.

The Plaintiff is also reminded that his amended complaint must be complete in all respects and is limited to claims related to the allegations set forth in the Original Complaint. It must be a new pleading which stands by itself without reference to the complaint or submissions already filed. The amended complaint should clearly identify each Defendant, set forth the factual substance underlying Brown's claims in short, concise and legible statements, and specify the

constitutional claims and relief being sought. Brown is also advised that in order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. *Cohen v. City of Philadelphia*, 736 F.2d 81, 83 (3d Cir. 1984).

A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). This is the personal involvement requirement. Liability may not be imposed under § 1983 on the principle of *respondeat superior. See Rode*, 845 F.2d at 1207 (a defendant in a civil rights action must have personal involvement in the alleged wrongs which can be shown through allegations of personal direction or of actual knowledge and acquiescence).

Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

**AND NOW**, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion (Doc. 13) seeking leave to file an amended complaint is **GRANTED**.

2. Within twenty-one (21) days of the date of this Order, Plaintiff may file a single, all inclusive Amended Complaint.

3. Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

4. Original Defendants' motion to dismiss the Original Complaint (Doc. 18) is **DISMISSED WITHOUT PREJUDICE** as moot.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge