# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLIEFF BROWN, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:17-CV-1400 |
| THOMAS MCGINLEY, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### JULY 25, 2018

**I.     BACKGROUND**

Kylieff Brown, an inmate presently confined at the State Correctional Institution, Chester, Pennsylvania (SCI-Chester) filed this *pro se* civil rights action. Named as Defendants are multiple members of the staff at his former place of confinement, the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.)

Plaintiff's claims stem from his contention that SCI-Coal Twp. staff intentionally interfered with his outgoing mail, failed to protect his safety, and subjected him to other retaliatory actions. Following service of the Complaint, the Original Defendants filed a motion to dismiss for failure to state a claim.

By Order dated June 14, 2018, Plaintiff's unopposed motion requesting leave to add eight (8) Defendants was construed as a motion to file an amended complaint and granted. *See* Doc. 20. The Order directed Brown to file a single, all inclusive Amended Complaint within twenty-one (21) days. The Plaintiff was forewarned that failure to timely submit an amended complaint or otherwise respond to the Order will result in dismissal of his action for failure to prosecute.

## II. DISCUSSION

This Court's review of the docket shows that there has been no activity since the entry of the June 14, 2018 Order. A copy of the Order which was mailed to the Plaintiff has not been returned as undeliverable; Brown has neither submitted a proposed amended complaint nor requested additional time in which to file an amended complaint; the Plaintiff has also not made any filings whatsoever in response to the Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the United States Court of

Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. *See Azubuko v. Bell National Organization*, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals in *Poulis* set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir. 1994).

Although *Azubuko*, 243 Fed. Appx. at 729, recognizes a "balancing under *Poulis* is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the *Poulis* analysis should be undertaken. *See Hernandez v. Palakovich*, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (*Poulis* factors must be considered before dismissing a case as a sanction for failure to follow a court order).

Adequate grounds have been established for the extreme sanction of dismissal in this matter. It is initially noted that it was the Plaintiff himself who requested leave to amend his complaint. Brown also failed to oppose the Original Defendants' motion to dismiss. Furthermore, although Plaintiff has been granted a reasonable period of time, he has failed to make any attempt to submit an amended complaint as directed. It is also noted that Brown has not made any filings whatsoever in this matter in the past eight (8) months. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in *Azubuko* and *Poulis*.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge